United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CARLOS CASTRO,

    Plaintiff,

v.

CAL TERHUNE, Director, California Department of Corrections, BONNIE G. GARIBAY, J. BATCHELOR, S.C. WOLHWEND, A. SCRIBNER, J. STOKES, M. YARBOROUGH, L. HOOD, C. CAMPBELL, A. M. GONZALEZ, M. AYALA, E. DERUSHA, C/O ROBERT L. AYERS, WARDEN, J. MARTINEZ,

    Defendants.

No. C 98-04877 WHA

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT AND GRANTING MOTION TO FILE EXHIBIT UNDER SEAL AND CONFIRMING TRIAL DATE**

    Plaintiff Carlos Castro, commenced this action in December 1998, to challenge his validation as a prison-gang associate. Plaintiff asserts a violation of his due process rights and that the evidence used to validate him did not meet constitutional standards of reliability. Defendants filed a motion for summary judgment that was granted on December 13, 1999. Plaintiff appealed and on January 9, 2002, the Ninth Circuit reversed and remanded on the due process issue. It specifically remanded for a determination on (1) which officials actually make the decision to confine prisoners to administrative segregation, and (2) whether plaintiff in fact received a meaningful opportunity to present his views to them on the issue of validation. Subsequently, the parties briefed those issues and on March 27, 2006, this Court again issued

1  an order granting defendants' motion for summary judgment.  Plaintiff appealed to the Ninth
2  Circuit and on May 24, 2007, the Ninth Circuit once again reversed and remanded.  It found that
3  the questions posed on remand were addressed but held that there are triable issues of fact
4  concerning those issues.

5  Both parties have now filed, *inter alia*, motions for summary judgment.  Plaintiff has also
6  filed motions to: (1) reconsider of the December 1999 summary judgment order on the grounds
7  that new facts prove the evidence used to validate him allegedly fail to meet the minimum
8  constitutional standard of reliability, (2) order sanctions due to the alleged spoliation of evidence
9  by defendants, and (3) compel the production of documents from defendants.  Defendants have
10 also filed a motion to request to file an exhibit under seal and a motion to dismiss.

11 Plaintiff's motion for summary judgment is **DENIED**.  This action has been remanded
12 twice from the Ninth Circuit to this Court.  The Ninth Circuit has specifically asked this Court to
13 address the following: (1) which officials actually make the decision to confine prisoners to
14 administrative segregation and (2) whether plaintiff in fact received a meaningful opportunity to
15 present his views on the issue of validation.  There will be a trial to address these issues on
16 November 2, 2009, as scheduled.  Also, plaintiff's motion for reconsideration of the order dated
17 December 13, 1999 (granting defendants' motion for summary judgment) is **DENIED**.  Despite the
18 "new" facts, the old evidence was still sufficient based on the minimally stringent standard it must
19 meet.

20 Concerning the spoliation of the evidence, plaintiff's request for sanctions is **DENIED**.
21 During trial, however, this Court will take the facts and circumstances surrounding the destruction
22 or loss of the evidence into account to determine if defendants have fabricated evidence.  At that
23 time, plaintiff's counsel can cross-examine defendants on these issues.

24 Last, plaintiff's motion to compel production of documents is **DENIED**.  Pursuant to Local
25 Rule 26-2, the cut-off date to file such a motion was September 11, 2009.

26 Defendants' request to file under seal Exhibit B to the declaration of Brendan Kenny in
27 support of defendants' opposition to plaintiff's motion to compel production of documents is
28 **GRANTED**.  Defendants' motions to dismiss and for summary judgment are **DENIED**.

1  Defendants seek to short circuit the remand entirely by claiming that a new validation hearing
2  makes the current action moot and by making a new claim concerning exhaustion of
3  administrative remedies.  The Ninth Circuit, however, has specifically remanded the action to
4  address the issues explained above and a trial will be held to resolve them.  This action will be
5  severed into two parts:  The first will be address the issues on remand, and the second will
6  address the new validation hearing.  Part one is scheduled to have the final pretrial conference on
7  **OCTOBER 26, 2009**, and a jury trial beginning on **NOVEMBER 2, 2009**.  It will be held on schedule
8  and counsel's attempt to "stipulate around" the trial date is rejected.  Part two will be held in
9  2010, if needed, and discovery will be permitted into this eleventh-hour development.

**IT IS SO ORDERED.**

Dated: October 5, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3