IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CARLOS CASTRO,

    Plaintiff,

v.

CAL TERHUNE, Director, CALIFORNIA DEPARTMENT OF CORRECTIONS, BONNIE G. GARIBAY, J. BATCHELOR, S. C. WOLHWEND, A. SCRIBNER, J. STOKES, M. YARBOROUGH, L. HOOD, C. CAMPBELL, A. M. GONZALEZ, M. AYALA, E. DERUSHA, c/o ROBERT LL. AYERS, Warden, J. MARTINEZ,

    Defendants.

No. C 98-04877 WHA

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND VACATING HEARING**

**INTRODUCTION**

This is a motion to dismiss plaintiff's complaint for failure to exhaust administrative remedies in a prisoner civil rights suit. For the reasons set forth below, defendants' motion to dismiss is **DENIED.** The hearing on Thursday, March 4, 2010, is **VACATED.**

**STATEMENTS**

The facts of this case have been laid out in significant detail in the earlier Findings of Facts and Conclusions of Law (Dkt. No. 237). Only the necessary facts will be summarized as follows. In February 1997, plaintiff was placed in administrative segregation pending a gang investigation into his suspected affiliation with the Mexican Mafia. On March 6, the Institutional

Classification Committee ("ICC") determined that plaintiff should remain in administrative segregation pending the outcome of his gang investigation. On March 10, plaintiff filed a first-level administrative grievance alleging that he was denied due process during the March 6 ICC hearing. Plaintiff stated that he was under investigation for prison gang activity, and that he was not allowed to defend himself against the allegations of gang affiliation at the March 6 ICC meeting. The first-level response to plaintiff's grievance stated that plaintiff had been given appropriate due process. Shortly afterwards, plaintiff was validated as a gang associate and placed in administrative segregation indefinitely. Plaintiff then proceeded through all levels of administrative appeals and was denied at all levels.

Plaintiff commenced this action in December 1998, asserting that the 1997 gang validation violated his right to due process. In January 2010, following a bench trial, the undersigned found that plaintiff had not been afforded appropriate procedural due process in 1997 when he was validated as a gang associate because he had never been given a meaningful opportunity before the critical decisionmaker, including at the March 6 ICC meeting. Now, after a full trial and decision, defendants move to dismiss this action for failure to exhaust administrative remedies prior to bringing suit.

**ANALYSIS**

**1. PROPER EXHAUSTION.**

Federal law provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by Section 1997e is now mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Ibid.* (citations omitted).

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15 § 3084.1(a). It also

2

provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. *See id.* § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeals: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second-level appeal to the Director of the California Department of Corrections and Rehabilitation. *See id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). A final decision at the director's level satisfied the exhaustion requirement under Section 1997e(1). *Id.* at 1237–38.

Nonexhaustion under Section 1997e(a) is an affirmative defense. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). It should be treated as a matter of abatement and brought in an "unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment." *Ibid.* (citations omitted). In deciding a motion to dismiss for failure to exhaust administrative remedies under Section 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119–20. If the court concludes that the prisoner has not exhausted California's prison administrative process, the proper remedy is dismissal without prejudice. *Id.* at 1120.

Defendants argue that plaintiff only challenged the process provided at the March 6 ICC meeting in his grievance, and failed to state that he had been denied due process in connection with the entire gang-validation process. Defendants argue that plaintiff's grievance failed to alert the prison to the fact that he never had an opportunity to defend himself before the critical decisionmaker. Defendants cite to *Griffin v. Arpaio*, 557 F.3d 1117, 1121 (9th Cir. 2000), to support their position but this decision finds that *Griffin* is inapposite.

Plaintiff properly exhausted his administrative remedies before filing suit. As stated earlier in the Findings of Facts and Conclusions of Law, it was clear that a meeting with a gang investigator was what plaintiff was requesting when he claimed that he had been denied due process. Plaintiff's complaint need not mirror his administrative grievance, and he need not have used magic words to exhaust his administrative remedies. It was only required that he alert the prison officials to the underlying wrong. This he did. Moreover, the prison officials' responses to plaintiff's grievance demonstrate that prison officials were aware that plaintiff was challenging his gang validation and not merely the process at the March 6 ICC meeting.

### 2. WAIVER OF AFFIRMATIVE DEFENSE.

Plaintiff argues that defendants waived the nonexhaustion defense by failing to raise it in 1998 when plaintiff filed this action. Defendants assert that because they have yet to file an answer in this case, they may still raise the nonexhaustion defense. An affirmative defense may be waived when a party files "a responsive pleading that fails to affirmatively set forth the defense." *Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005). Defendants have not yet filed an answer. Therefore, they have not waived the nonexhaustion defense. *See Morrison*, 399 F.3d at 1046 (defining responsive pleading as "a complaint and answer; a reply to a counterclaim; an answer to a cross-claim; and a third party complaint and answer[]").

This decision notes, however, that defendants have already asserted this defense in their motion to dismiss and for summary judgment in September 2009 (Dkt No. 123). Defendants' motion was denied (Dkt No. 144). Accordingly, the Court construes defendants' renewed motion to dismiss as a request to file a motion for reconsideration under Civil Local Rule 7-9. Defendants' request is redundant and is denied.

### CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is **DENIED**. The hearing on Thursday, March 4, 2010, is **VACATED.**

**IT IS SO ORDERED.**

Dated: March 1, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE