1
2
3
4
5
6             IN THE UNITED STATES DISTRICT COURT

7          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9
10  CARLOS CASTRO,

11          Plaintiff,                          No. C 98-04877 WHA

12    v.

13  CAL TERHUNE, DIRECTOR, CALIFORNIA          **ORDER GRANTING**
    DEPARTMENT OF CORRECTIONS, BONNIE G.       **MOTION TO WITHDRAW**
14  GARIBAY, J. BATCHELOR, S.C. WOLHWEND,      **DEEMED ADMISSIONS**
    A. SCRIBNER, J. STOKES, M. YARBOROUGH,     **AND VACATING**
15  L. HOOD, C. CAMPBELL, A.M. GONZALEZ, M.    **HEARING**
    AYALA, E. DERUSHA, C/O ROBERT L. AYERS,
16  WARDEN, J. MARTINEZ.

17          Defendants.

18  _____/

19                    **INTRODUCTION**

20          In this prisoner's civil rights suit, plaintiff moves to withdraw its deemed admissions

21  under Rule 36(b).  For the following reasons, plaintiff's motion to withdraw any deemed

22  admissions is **GRANTED**.

23                     **STATEMENT**

24          Defendants served plaintiff's counsel with requests for admissions on April 7, 2010.

25  That day, the RFAs were mailed to plaintiff, a prisoner in the Security Housing Unit at Pelican

26  Bay State Prison, by his counsel.  Plaintiff claims not to have received the RFAs as of April 26.

27  Plaintiff's counsel then mailed him a second copy of the RFAs.  As of May 7, plaintiff asserts that

28  he still had not received the RFAs.  Plaintiff submitted a sworn declaration that he did not receive

*United States District Court*
*For the Northern District of California*

United States District Court

For the Northern District of California

the RFAs (Castro Decl. ¶ 1). Defendants have exclusive control over the delivery of plaintiff's mail. Plaintiff contends that the delay in the receipt of the RFAs was due to the defendants' purposeful actions. The prison mail log shows that plaintiff received mail from his lawyers on April 14 and 15. It is unclear whether or not these documents were the RFAs because the log does not show the contents of the mail, only the sender and recipient (Barnts Decl. ¶ Exh. A).

Responses to the RFAs were due May 10, and plaintiff failed to provide responses. Plaintiff's counsel concedes that he could have completed the RFAs with his client over the phone but chose not to because in his experience clients interpret questions differently when they are heard orally rather than viewed visually (Thompson Decl. ¶ 6).

On May 19, after the deadline for the RFAs had passed, plaintiff's counsel contacted defendants to inform them that plaintiff had yet to receive them. When plaintiff's counsel was informed that he would nonetheless not be granted an extension to respond, he completed the RFAs over the phone with his client. Plaintiff served responses to defendants on May 21, and met and conferred with defendants to ensure that he could alleviate any prejudice that the two-week delay had caused. Plaintiff's counsel ensured that defendants received the responses four days before the next deposition of plaintiff was scheduled.

According to Rule 36(a), any RFAs that are not answered within the thirty-day time period are deemed admitted. Under Rule 36(b), plaintiff moves to withdraw the deemed admissions. Plaintiff moves to substitute the May 21 responses and to deem them timely. Trial is set for September 20, 2010.

## ANALYSIS

Under Rule 36(a), as stated, if a party fails to answer RFAs within thirty days, the requests are deemed admitted. Any matter thus admitted is conclusively established unless the district court on motion permits withdrawal or amendment of the admission. Rule 36(b) provides:

> [T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

2

"Two requirements, therefore, must be met:  (1) presentation of the merits of the action must be subserved, and (2) the party who obtained the admission must not be prejudiced by the withdrawal."  *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995).

### 1.    PRESENTATION OF THE MERITS.

"The first prong of this test, which essentially asks if allowing the withdrawal will aid in the resolution of the case, favors allowing defendants to withdraw the admissions."  *Gallegos v. City of Los Angeles*, 308 F. 3d 987, 993 (9th Cir. 2002).  The issues in this case surround whether plaintiff's procedural and substantive due process rights were violated when defendants evaluated his continued solitary confinement.  A number of the RFAs involve the process of interviewing plaintiff and his review of evidence before the hearings held on prison rules violations.  Although these admissions are not dispositive in the action at hand, they do pertain to what may become central issues of the trial.  It seems clear that allowing the withdrawal of the admissions will help aid in the resolution of the case.

Under the Rule 36 standard, all of the RFAs are conclusively established if they are deemed admitted.  The presence of gang paraphernalia and the process of interviewing plaintiff will likely be substantive issues in the upcoming proceedings.  Also, defendants are well aware that some of the admissions now deemed admitted have been disputed by plaintiff in prior depositions in this action.  These kinds of material issues should be determined on the merits by the factfinder at trial.  Thus, the first requirement for withdrawal of the RFAs has been met.

### 2.    THE TWO-WEEK DELAY DOES NOT PREJUDICE DEFENDANTS.

"The prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission will not have to convince the factfinder of its truth.  Rather, it relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted. The party who obtained the admission has the burden of proving that withdrawal of the admission would prejudice the party's case."  *Hadley*, 45 F.3d at 1348.

Defendants have not proven that the withdrawal of the RFAs would prejudice their case. Defendants argue that plaintiff does not have a good excuse for not completing the RFAs within

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1    the thirty-day time period.  Whether plaintiff actually received the RFAs is in dispute.

2    Plaintiff submitted a declaration claiming that he never received the requests and that the prison

3    withheld his legal mail (Castro Decl. ¶ 1).  Defendants have shown that plaintiff did in fact

4    receive mail from his legal counsel during the thirty-day time period (Barnts Decl. ¶ Exh. A).

5    The issue remains in dispute because the prison log does not specify the contents of the mail,

6    only who sent it and which inmate signed for it.

7          It remains unclear how, even if he had received the RFAs, defendants' case is prejudiced

8    by plaintiffs late response.  Defendants fail to even address whether the withdrawal would

9    prejudice their case in their reply brief.  When plaintiff's counsel discovered that defendants

10   would not grant an extension of the deadline to submit responses, he immediately completed the

11   RFAs over the phone with his client.  Plaintiff served these answers on defendants on May 21,

12   approximately two-weeks late.  Plaintiff ensured that defendants received the answers four days

13   before plaintiff's deposition that was scheduled for May 25.  Considering that plaintiff served

14   and met with defendants on May 21 to do what was necessary to alleviate any prejudice that the

15   two-week delay might have caused, it appears that defendants have not carried their burden of

16   proof.

17         Furthermore, plaintiff is not seeking to resubmit answers to the RFAs, he is only seeking

18   for the answers provided on May 21 to be utilized by the parties.  This would prevent any further

19   delay.  Also, defendants have been in possession of these responses since May 21 and, therefore,

20   been aware of plaintiff's responses in the subsequent discovery process.  Finally, the trial date is

21   currently set for September 20.  The responses to the RFAs were served before the deposition

22   was started, and the motion for withdrawal has been made well before the trial date.  It is

23   apparent that defendants would not be prejudiced by the withdrawal of the deemed admissions

24   and the use of the May 21 answers as the official responses to the RFAs.

25

26

27

28

4

**CONCLUSION**

For the foregoing reasons, plaintiff's motion to withdraw any deemed admissions is GRANTED. The RFAs served by defendants on April 7, 2010, will be considered answered by the responses served by plaintiff on May 21, 2010. The hearing is VACATED.


**IT IS SO ORDERED.**


Dated:  August 3, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

5