IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS CASTRO,<br><br>　　Plaintiff,<br><br>　v.<br><br>CAL TERHUNE, Director, CALIFORNIA DEPARTMENT OF CORRECTIONS, G. BONNIE GARIBAY, J. BATCHELOR, S. C. WOLHWEND, A. SCRIBNER, J. STOKES, M. YARBOROUGH, L. HOOD, C. CAMPBELL, A. M. GONZALEZ, M. AYALA, E. DERUSHA, c/o ROBERT L. L. AYERS, Warden, and J. MARTINEZ,<br><br>　　Defendants.<br>　　　　　　　　　　　　　　　　　　　　/ | No. C 98-4877 WHA<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; DENYING MOTION FOR PROTECTIVE ORDER; AND SETTING FURTHER CASE MANAGEMENT CONFERENCE** |

　　Following a bench trial and subsequent order holding that plaintiff did not receive all of the due process to which he was entitled when he was validated as a gang associate in 1997, defendants now file a motion for summary judgment, arguing that plaintiff's subsequent validation in 2009 moots the need for further relief.

**STATEMENT**

　　There is much history to this action. Following an appellate remand, the trial was bifurcated, with part one to address the issues remanded and part two to address mootness based on a 2009 validation. The trial was held on December 14–17, 2009. The Court's findings of fact and conclusions of law held that plaintiff was denied procedural due process when he was validated as a gang associate in 1997 (Dkt. No. 237).

One might wonder why the mootness question was not considered first, as defendants urged. The reason is that the appellate court had remanded this case *twice* for a trial on the 1997 validation. To have leapfrogged over that issue after two remands might have seemed disrespectful. It is worth adding that the appellate court's instinct proved correct. The trial facts showed that plaintiff had indeed been denied due process in 1997.

Now we are at stage two — the mootness issue. Defendants move for summary judgment, urging that the 2009 validation of the plaintiff as a gang associate mooted the need for any further relief. Plaintiff counters that both substantive and procedural due process were not provided in 2009. Both parties submitted evidence relevant to defendants' motion. As requested by the Court, the parties also submitted supplemental briefing concerning the legal standard plaintiff must meet in order to demonstrate a denial of due process by reason of alleged bias in favor of a predetermined outcome. Oral argument was heard on September 2, 2010.

Although plaintiff was not due for another prison gang status review, the IGI's office conducted an entirely new validation in 2009. The parties do not dispute that prison authorities did a new validation "to rectify any alleged procedural-due-process violation" (Br. 10). The parties do dispute, however, whether this motive tainted the effort. Assistant IGI Darrin Short identified twelve items of evidence of prison-gang affiliation, and Assistant IGI Joshua Pieren reviewed the evidence and determined that all twelve met CDCR standards of gang affiliation. Assistant IGI Pieren provided plaintiff with the source items upon which defendants relied in charging him with being a prison gang associate, or a description of them on 1030 forms if they were confidential and thus could not be disclosed to plaintiff directly, on August 20, 2009. The next day Assistant IGI Pieren went to interview plaintiff, who said, "I am not associated with any gang," and provided written responses concerning each of the twelve source items. IGI James McMillan reviewed the evidence, including plaintiff's responses, and submitted a recommendation of validation to the Office of Correctional Safety. Plaintiff was validated as a prison gang associate on September 3, 2009.

2

**ANALYSIS**

Plaintiff has advanced evidence that counsel for defendants orchestrated the 2009 re-validation and worked with some of the players involved to rig the outcome. There would have been nothing wrong, of course, with defense counsel seeking to give plaintiff a new validation hearing so long as it was fair — indeed, that is exactly what plaintiff has been seeking in this case. Nor would there have been anything wrong with defense counsel advising prison authorities and their agents in how to do it in a way that would supply due process. It would, however, be wrong for defense counsel to rig the result. It seems undisputed that IGI James McMillan, who seems to have been the decisionmaker, was unaware of the machinations of defense counsel, but those machinations plainly involved at least Assistant IGI Darrin Short, and perhaps Assistant IGI Joshua Pieren. In turn, IGI McMillan relied on their recommendations and submissions, which arguably were tainted and slanted by the intrusion of defense counsel into the administrative process. This order does *not* find that defense counsel or anyone involved in fact did anything wrong but it cannot rule out such a possibility without a trial.

In addition, the e-mails of the IGI office on the subject were all deleted on the CDC server. These e-mails were recent, not ancient. A few of them survived on the e-mail server of the Attorney General's office. They show machinations, at least arguably. Why were all of the others "lost"? Why wasn't a litigation hold placed on those communications? Possibly, it was all innocent, but it is too suspicious to excuse without a trial.

The Court is inclined to ignore the 2009 validation and simply order that a new validation take place — one that is free of defense counsel's influence. If, however, defendants really want to have a trial on the fairness of the 2009 validation, then one will be held, but fairness requires further discovery into the deletion of the e-mails. This will include probing under oath the bona fides of defense counsel's excuse that it did not occur to them to place a litigation hold on the evidence. Defense counsel will be subject to examination on this point. Possibly, this will also include deposing those in charge of the CDC server and the deletion protocol. The Court will also allow the deposition of Jeffrey Hook, as requested by plaintiff. Defendants' motion for a protective order concerning that deposition (Dkt. No. 325) is therefore **DENIED**. If defendants do

3

not wish to have a trial on the fairness of the 2009 validation, then there will be no need for the discovery and counsel and the Court will work out a protocol to ensure that the next validation will be fair and comport with due process.

Defendants' motion for summary judgment (Dkt. No. 306) is **DENIED**.  The trial date and pretrial conference are **VACATED**.  A further case management conference will be held on **OCTOBER 28, 2010, AT 11:00 A.M.**, by which time the Court expects all further discovery to be completed.

**IT IS SO ORDERED.**

Dated:  September 3, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4