IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CARLOS CASTRO,

    Plaintiff,

  v.

CAL TERHUNE, ROBERT L. AYERS, JR., G. BONNIE GARIBAY, M. YARBOROUGH, A. SCRIBNER, L. HOOD, J. STOKES, C. CAMPBELL, A. M. GONZALES, M. AYALA, S. C. WOLHWEND, A. JORDAN, J. MARTINEZ, J. BATCHELOR, and E. DERUSHA,

    Defendants.

No. C 98-04877 WHA

**ORDER REGARDING DEFENDANTS' REQUEST FOR CLARIFICATION**

---

Defendants have filed a request for clarification of a portion of the remedial order to conduct a new validation procedure. That order, among other things, required the following:

> After the process is done, the decision-maker and all individuals involved in the process must file declarations with the Court that set forth the full process followed and identify and describe any communications that they had with *anyone* on the subject of Carlos Castro since June 30, 2010, other than communications appearing in the administrative record and communications with Carlos Castro. That means identifying the person they communicated with, the date, the subject matter, and a short description of the communications. It means all CDCR and prison officers involved in the validation process must keep a log of all communications going forward and from memory or their files reconstructing past communications. The declarations must then verify that the IGI and assistant IGI or anyone else who assisted in the process has no bias against Mr. Castro and made decisions solely on the merits.

Defendants' request for clarification states in part:

> Defendants are uncertain whether the scope of the order would require the waiver of the attorney-client privilege for communications

between CDCR legal counsel, defense counsel, and CDCR employees, including internal communications among CDCR legal counsel and defense counsel, depending on the meaning of "individuals involved in the process." Defendants are also uncertain whether communications "on the subject of Carlos Castro" would include communication[s] unrelated to Castro's new-validation procedure.

For instance, if the order were to be read broadly enough so that counsel's act of relaying the Court's instructions about the new validation could render them "individuals involved in the process," then defense counsel and CDCR's legal counsel may fall into this category. And if these individuals are required to disclose all communications regarding Castro, regardless of whether the communications involve the new validation, the communications would certainly include some that are covered by the attorney-client and work-product privilges [sic].

This order clarifies that defense litigation counsel and CDCR counsel are not "individuals involved in the process" under the requirement repeated above, and they need not submit a declaration (unless later ordered to do so). "Individuals involved in the process" include prison officers involved in making a decision on the merits of validation.

The phrase "on the subject of Carlos Castro" means what it says. It is not limited to communications regarding the new validation process.

If communications required to be logged are privileged, defense counsel may submit a privilege log in lieu of a description of their content. Per usual practice, a privilege log must, for each privileged communication, include a description of all individuals communicating with each other, the date of the communication, the subject of the communication, and why the communication is privileged.

**IT IS SO ORDERED.**

Dated: November 16, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2