United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS CASTRO,<br><br>    Plaintiff,<br><br>  v.<br><br>CAL TERHUNE, *et al.*,<br><br>    Defendants.<br>_____ / | No. C 98-04877 WHA<br><br>**ORDER REGARDING PLAINTIFF'S ENTITLEMENT TO ATTORNEY'S FEES AND COSTS, DEFENDANTS' REQUEST FOR JUDICIAL NOTICE, PLAINTIFF'S EVIDENTIARY OBJECTIONS AND VACATING HEARINGS** |

In this prisoner civil-rights action, plaintiff Carlos Castro moves for attorney's fees and costs for the work Orrick, Herrington & Sutcliffe LLP, performed on his behalf since it began its representation of him in mid-2006. For the reasons stated below, the order concludes that plaintiff is entitled to reasonable attorney's fees and costs. An award of reasonable fees and costs will be determined pursuant to the procedures set forth in the order filed concurrently herewith.

In January 2010, following a bench trial, the undersigned found that plaintiff was denied procedural due process when he was validated as a Mexican Mafia prison-gang associate in 1997 (Dkt. No. 237). A remedial order to conduct a new validation procedure issued (Dkt. No. 396). Having complied with the remedial requirements set forth in the order, defendants moved to terminate the action, and the motion to terminate was granted (Dkt. No. 434). On July 5, 2011, this Court entered judgment in favor of plaintiff Castro on his due process claim and against defendants Cal Terhune, Robert L. Ayers, Jr., G. Bonnie Garibay, M. Yarborough, A. Scribner, L. Hood, J. Stokes, C. Campbell, A. M. Gonzales, M. Alaya, S. C. Wolhwend, A. Jordan, J. Martinez, J. Batchelor, and E. Derusha (Dkt. Nos. 434–35).

A prevailing party in a Section 1983 action may be entitled to an award of "a reasonable attorney's fee as part of the costs." 42 U.S.C. 1988(b). The purpose of Section 1988 is to "ensure effective access to the judicial process for persons with civil rights grievances." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (internal quotations and citation omitted). Indeed, it is only in rare circumstances that attorney's fees would not be awarded. *Mendez v. Cnty. of San Bernardino*, 540 F.3d 1109, 1126 (9th Cir. 2008). Plaintiff is considered the prevailing party if he succeeds "on any significant issue in litigation which achieves some benefit . . . sought in bringing suit." *Thorne v. City of El Segundo*, 802 F.2d 1131, 1140 (9th Cir. 1986).

Plaintiff prevailed on his claim brought under Section 1983 for violation of his procedural due process rights, stemming from his 1997 validation as a Mexican Mafia prison-gang associate (Dkt. Nos. 434–35). Defendants do not challenge plaintiff's entitlement to attorney's fees on this claim (only the reasonableness of the request, making several arguments for reduction of plaintiff's fee request). The order concludes that plaintiff was the prevailing party as to his Section 1983 claim and is entitled to recover reasonable attorney's fees on that claim.

Plaintiff submitted a bill of costs. Defendants did not object to plaintiff's entitlement to recovery of those costs. In addition, pursuant to Section 1988, plaintiff moves for recovery of out-of-pocket costs. Under Section 1988, costs incurred by counsel that would typically be chargeable to a fee-paying client as part of its attorney's fees may also be awarded to the prevailing party. *Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005). With regard to the entitlement issue on these costs, defendants challenge whether plaintiff is entitled to recover the cost of $27,195.10 related to plaintiff's retention of an expert witness (Dkt. No. 461 at 25–26). On reply, plaintiff agrees to "write-off" the $27,196 cost incurred for experts (Dkt. No. 462 at 9–10). As such, the order need not decide whether the cost plaintiff incurred for experts would have been a compensable cost. As to all other out-of-pocket costs for which plaintiff seeks recovery under Section 1988, defendants dispute only the reasonableness of plaintiff's requested amount of recovery, not plaintiff's entitlement to such costs. Thus, the order finds that plaintiff is entitled to recover all reasonable costs incurred by counsel on plaintiff's Section 1983 claim, with the exception of the above-stated cost incurred for experts.

1  Thus, plaintiff is entitled to reasonable attorney's fees and costs for his Section 1983
2  claim, to the extent stated above.

3  Plaintiff has also filed evidentiary objections to the expert report of Judith Bronsther
4  submitted in support of defendants' opposition to plaintiff's motion for attorney's fees and costs.
5  The evidentiary objections are **DENIED AS MOOT**.

6  Defendants filed a request for judicial notice in support of their opposition to plaintiff's
7  motion for attorney's fees and costs. Plaintiff has not filed a response. Defendants' request for
8  judicial notice pursuant to Federal Rule of Evidence 201 is **GRANTED**. The Court takes judicial
9  notice of: (1) Judge Patel's order in *California Alliance of Child and Family Serv. v. Allenby*, *et
10 al.*, Case No. C 3:06-cv-4095 MPH; (2) Judge Patel's order in *California Alliance of Child and
11 Family Serv. v. Wagner*, *et al.*, Case No. C 3:09-cv-4398 MPH; and (3) The reporter's transcript
12 from the December 16, 2010, proceedings in *California State Foster Parents Association, et al. v.
13 Wagner*, Case No. C 3:07-cv-5086 WHA.

14 The parties shall proceed in accordance with the order regarding attorney's fees and costs
15 filed concurrently herewith. The hearings on the motion for attorney's fees and costs and
16 plaintiff's evidentiary objections to the expert report, set for 2:00 p.m. on November 17, 2011, are
17 hereby **VACATED**.

18 Although the Court recognizes that the Orrick firm used numerous lawyers on the case —
19 and they are all thanked for their participation — the fact remains that this case could have been
20 staffed with only two lawyers and it would be unfair to require California to bear the burden of
21 keeping so many lawyers up to speed or in attendance at trial. In completing the application for
22 fees, counsel shall please make appropriate write-downs.

**IT IS SO ORDERED.**

Dated: November 14, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3